# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| COLSON TENNESSEE, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-06-280-JHP |
| AMERICAN CRANE, INC., | ) ) ) | |
| Defendant. | ) | |

## AMENDED ORDER

Now before the Court is Plaintiff's Motion to Alter and Amend Judgment on the Issue of Attorney Fees (Dkt.# 57). Pursuant to Fed.R.Civ.P. 59(e), Plaintiff requests that the Court alter its judgment and conclusions of law regarding Plaintiff's claim for attorney's fees and award a reasonable attorney's fee to Plaintiff as the prevailing party.

The instant case was filed on June 23, 2006, in the Oklahoma District Court for Wagoner County. The plaintiff, Colson Tennessee, Inc. ("Colson"), brought a claim for breach of contract against the defendant, American Crane, Inc. ("American Crane"), alleging that American Crane failed to complete a contracted for project to move a bridge-crane and certain other equipment from Chicago, Illinois to Wagoner, Oklahoma and thereafter install the bridge-crane ("the Chicago Project"). Colson also sought a declaratory judgment finding that Colson never entered into a contract with American Crane to move certain plastic molding machines from Durant, Oklahoma to Wagoner, Oklahoma and Monette, Arkansas ("the Durant Project"). On July 17, 2006, American Crane removed this action to this Court and filed counterclaims for breach of contract, tortious breach of contract and fraud. American Crane alleged that Colson had in fact entered into a contract with American Crane for the performance of the Durant Project and that Colson had breached that

purported agreement as well as the parties' Chicago Project agreement. American Crane further alleged that Colson committed fraud and a tortious breach of contract by allegedly representing to American Crane that it would be allowed to perform the Durant Project, which purportedly caused American Crane to incur expenses and make arrangements in preparation for such project.

On May 21, 2007, the parties' claims and counterclaims were tried before this Court without a jury. On September 14, 2007, the Court issued its Findings of Fact and Conclusions of Law (Dkt.# 52), and its Judgment (Dkt.# 53). The Court found that American Crane had breached the parties' Chicago Project agreement by failing without excuse to complete the performance of that project. The Court also found that the parties had never entered into an agreement for American Crane to perform the Durant Project. Accordingly, the Court awarded judgment and actual damages in favor of Colson on Colson's claim for breach of contract and denied Colson's request for a reasonable attorney's fee pursuant to Okla. Stat. tit. 12, §936, because the Court concluded that neither party sought to recover "for labor or services rendered. See Findings of Fact and Conclusions of Law at ¶II(C). Colson submits that American Crane's counterclaim for breach of contract did in fact seek payment for services allegedly rendered by American Crane.

Under Oklahoma law, "attorney fees are not ordinarily recoverable in the absence of a statute or specific contractual authority." *Wieland v. Danner Auto Supply, Inc.*, 695 P.2d 1332, 1333 (Okla. 1984). Nevertheless, "[i]n any civil action to recover for labor or services rendered . . . the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." Okla. Stat. tit. 12, §936. "It is the underlying nature of the suit itself which determines the applicability of the labor and services provisions of section 936." *Burrows Const. Co. v. Indep. Sch. Dist. No. 2 of Stephens County*, 704 P.2d 1136, 1138 (Okla. 1985). "The question

2

is whether the damages arose directly from the rendition of labor or services, such as the failure to pay for those services, or from an aspect collaterally relating to labor and services, such as loss of profits on a contract involving the rendition of labor and services." *Id*.

In this case, neither Colson nor American Crane sought to recover "for labor or services rendered." Instead, Colson instituted this action to recover damages arising from American Crane's failure to render such services and the corresponding increase in costs relating to the installation of the bridge-crane and the completion of the Chicago Project by a third-party. Likewise, American Crane sought to recover for lost profits and expenses incurred as a result of Colson's decision to hire a third-party to complete the Chicago Project and to award the Durant Project to another company. Any labor and expenses incurred by American Crane were incurred in preparing to execute the contract, and were expended for its benefit and did not directly benefit Colson. "These preliminary expenses were clearly not compensable under the contract and so do not create a right to attorneys' fees under that contract." *C & L Enterprises, Inc. v. Citizen Band Potawatomi Tribe of Oklahoma*, 72 P.3d 1, 6 (Okla. 2002). Therefore, Colson, as the prevailing party in this action, is not entitled to recover its attorney fees pursuant to section 936.

Accordingly, Plaintiff's Motion to Alter and Amend Judgment on the Issue of Attorney Fees is denied.

**IT IS SO ORDERED this 13th day of February, 2008.**

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

3